IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. HORISK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-560 |
| ) | |
| LEAR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

1. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it, except that Defendant admits that Plaintiff is an adult individual.

2. Denied as stated; it is admitted only that Lear Operations Corporation ("Lear") is a Delaware corporation that operates a manufacturing facility located at 200 McIntire Drive, Newark, Delaware 19711.

3. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

4. Admitted.

5. Admitted.

6. Denied as stated; it is admitted only that Lear operates a facility in Newark, Delaware that manufactures automobile seats for Chrysler Corporation.

7. Denied as stated; it is admitted only that Plaintiff began working for Lear at the Newark, Delaware facility on September 7, 2001, that his job title was Supervisor I and that he worked in the Materials Department.

8. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

9. Denied as stated; it is admitted only that Plaintiff was selected to participate in the Six Sigma (Continuous Improvement Champion) program in or about April 2002.

10. Denied as stated; it is admitted only that in about September 2002, after completing Six Sigma training, Plaintiff began working as a Six Sigma Black Belt in the Six Sigma Department at the Lear Newark facility.

11. Denied as stated; it is admitted only that Plaintiff was involved intermittently in the Six Sigma program from May 2002 until June 2004.

12. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

13. Denied as stated; it is admitted only that Plaintiff complained to Spencer Harris that Victor Lynch had made an age-related comment at a meeting.

14. Denied as stated; it is admitted only that in June 2004 Spencer Harris advised Plaintiff that Lear wanted him to return to work in a production position rather than to continue in a Six Sigma position.

15. Admitted.

16. Admitted.

17. Admitted

18. Denied as stated; it it is admitted only that Plaintiff asked Human Resources manager David Yono about the Six Sigma bonus and that Hill informed Yono that the bonus would be paid.

19. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it, except that it is admitted that Hill left Six Sigma and was replaced by Joe Scavone, who decided that Plaintiff should not receive the bonus, and it is further admitted that Plaintiff asked Victor Lynch to find out why the bonus was not being paid.

20. Denied as stated; it is admitted only that the Six Sigma manager, Joe Scavone, had decided that Plaintiff should not receive a Six Sigma bonus.

21. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

22. Denied as stated; by way of further answer, neither Jim Racine (then aged 32) nor Nancy Murray (then aged 35) received Six Sigma bonuses in the fall of 2004.

23. Denied as stated; it is admitted only that Plaintiff's supervisor, Marie Childress, spoke with him on several occasions during the fall of 2004 regarding his job performance, which was not meeting her expectations, and that on November 19, 2004, Ms. Childress placed Plaintiff on a written Performance Improvement Plan.

24. Denied as stated; it is admitted only that Ms. Childress' criticisms of Plaintiffs' performance included inadequate organization and verification of paperwork, failure to utilize maximum trailer capacity, failure to take disciplinary actions against employees, and inefficiency with regarding to sorting and storage of incoming materials.

25. Denied as stated; it is admitted only that Plaintiff signed the Performance Improvement Plan when Ms. Childress presented it to him.

26. Denied as stated; it is admitted only that company records indicate that in the fall of 2001, Plaintiff's supervisor thought he was performing his job well.

DB02:5552669.1

057011.1002

27. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

28. Denied as stated; it is admitted only that Plaintiff requested and took a vacation day on December 13, 2004, at which time his vacation time for 2004 was exhausted.

29. Denied as stated; it is admitted only that Plaintiff requested and took a vacation day on December 13, 2004, at which time his vacation time for 2004 was exhausted.

30. Denied as stated; it is admitted only that Lear is unaware of any other employee attempted to take vacation in the month December after having exhausted his or her available vacation days.

31. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

32. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it, except that it is admitted that Plaintiff's employment with Lear was terminated on January 21, 2005.

33. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

34. Denied as stated; it is admitted only that Michael Pearson began working for Defendant as a Materials Supervisor on March 5, 2005.

35. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

36. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

DB02:5552669.1                                                                                                                                        057011.1002

37. Denied as stated; it is admitted only that Michael Pearson began working for Defendant as a Materials Supervisor on March 5, 2005.

38. This paragraph states a legal conclusion as to which no response is required.

39. This paragraph states a legal conclusion as to which no response is required.

40. This paragraph states a legal conclusion as to which no response is required.

41. Lear incorporates herein by reference paragraphs 1 through 40, inclusive.

42. Denied, except that it is admitted that Plaintiff was over 40 years old at the time he was hired and at the time he was terminated from his employment.

43. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of this allegation, and therefore denies it.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

All of Defendant's actions with regard to Plaintiff were taken in good faith and for legitimate non-discriminatory reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The alleged actions and conduct of the Defendant do not rise to the level of a statutory violation and, therefore, Plaintiff did not suffer any infringement of any rights secured by a federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant has not authorized or ratified any discriminatory actions.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment, and Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendant are not an actual or proximate cause of any damage or harm suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence. Defendant reserves the right to raise any defense that becomes known during the course of discovery in this action, including, without limitation, defenses based on the after-acquired evidence doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred wholly or in part by his failure to mitigate his damages.

DB02.5552669.1                                                                                                     057011.1002

WHEREFORE, Defendant requests that judgment be granted in its favor, with costs.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Teresa A. Cheek*
Teresa A. Cheek, Esquire (No. 2657)
Margaret DiBianca, Esquire (No. 4539)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tcheek@ycst.com
Attorneys for Defendant

Dated: October 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006, I electronically filed a true and correct copy of the foregoing Answer to Complaint with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record. A courtesy copy of such Answer to Complaint was also hand delivered to the following counsel of record on this date.

John M. LaRosa, Esquire
Two East Seventh Street, Suite 302
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Teresa A. Cheek
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Email: tchee@ycst.com
Attorney for Defendant

Dated: October 13, 2006